PER CURIAM.
The Florida Bar petitions this Court to review the referee’s recommendation that James G. Roth be privately reprimanded and subjected to other discipline. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee made the following relevant findings:
Respondent was retained by a Mrs. Sharek to represent her in the sale of a piece of property. On or about June 9, 1986[,] Respondent received a $2,000.00 cashier check from a prospective buyer which was to be deposited in Respon *131 dent’s trust account pending the closing of the sale. Respondent held onto the check and never deposited the $2,000.00 in his trust account. The closing fell through and a dispute arose between Respondent’s client and the purchaser as to whom the $2,000.00 deposit belonged to under the contract. On November 3, 1986, Respondent filed an interpleader action to determine the conflicting demands on the $2,000.00. On July 7,1988, the interpleader action was dismissed for lack of prosecution. From November 1986 through August 10, 1989, Respondent never returned telephone calls or answered letters inquiring about the status of the $2,000.00
The referee concluded that Roth had violated Rules 4-1.3 and 4-1.4 of the Rules Regulating The Florida Bar. These findings are fully supported by the record and are adopted by this Court.
Based on these findings, the referee recommended: (1) a private reprimand; (2) a minimum of one year’s probation; (3) an order that Roth actively resolve the issue of who owns the $2,000.00; (4) an order that Roth pay twelve percent annual interest on the $2,000.00 from June 9, 1988; (5) an order that Roth hire a certified public accountant to audit his trust accounts, with a report of the audit to be submitted to The Florida Bar; (6) an order that Roth establish a procedure and form for sending documents to his clients and for informing them of the status of their cases, with this procedure and form to be sent to The Florida Bar for review; and (7) an order that Roth pay the costs and expenses of these proceedings.
We concur in all of these recommendations except the first. The misconduct in question is serious and is only minimally mitigated by the personal difficulties advanced by Roth to explain his actions. Accordingly, we adopt all of the referee’s recommendations for discipline, with the exception that we impose a public and not a private reprimand. Roth also shall be placed on probation for a period of one year from the date this opinion becomes final.
Roth is hereby publicly reprimanded, ordered to complete all the other items of discipline recommended by the referee above, and shall complete them within the period of probation.
Judgment for costs in the amount of $951.59 is entered in favor of The Florida Bar, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, ehrlich, barkett, GRIMES and KOGAN, JJ., concur.